34983. BARNETT, Administratrix, *v.* ASHLEY.

DECIDED FEBRUARY 2, 1954—REHEARING DENIED FEBRUARY 17, 1954.

*O. J. Tolnas*, for plaintiff in error.
*Tipton & Tipton, Newell Edenfield*, contra.

TOWNSEND, J. ■ Counsel for the defendant in error in their brief contend that the nonsuit was properly granted because the plaintiff's evidence was insufficient to make out a case in the following respects: (a, b) she failed to prove that her intestate owned the timber which was the subject matter of the alleged sale and that the defendant cut any of the timber or received any of the proceeds thereof; (c) she failed to prove any amount, so that there would not be sufficient evidence to support a verdict for any given sum; (d) she failed to prove a contract sufficiently definite to be enforceable; and (e) the evidence demanded a finding that the action is in any event barred by the statute of limitations.

While the evidence is certainly weak and unsatisfactory in all of these respects, it will not be necessary to decide more than the last point raised, since if the action is barred in any event it becomes immaterial whether a prima facie case was otherwise made out. The record shows that any contract for the sale of timber made between the defendant and plaintiff's intestate was oral and took place in April or May, 1941; that timber was actually cut in July and August, 1941, by persons not parties to this action (whether or not by the direction of the defendant is not clearly shown); that the plaintiff's intestate died on August 11, 1946, and the estate was unrepresented until July 27, 1952; that a previous action brought by the plaintiff was nonsuited on October 27, 1952, and the present action filed on November 8, 1952. Code § 3-808 provides that, if a plaintiff shall be nonsuited

and shall recommence within six months, the renewed case shall stand as to limitation upon the same footing as the original case. Under Code § 3-803, the time between the death of a person and representation taken upon his estate, not exceeding five years, shall not be counted against his estate. The only testimony as to the terms of the contract came from the son of the deceased, who testified that he heard an oral agreement between the deceased and the defendant that the timber would be sold to him for $8 per thousand on the stump; presumptively, therefore, payment became due and the limitation would run from the time of delivery. *Northwest Atlanta Bank* v. *Willingham,* 69 *Ga. App.* 258 (2) (25 S. E. 2d 154); *Pope* v. *Barnett,* 45 *Ga. App.* 59 (3) (163 S. E. 517). The plaintiff's intestate died exactly five years from the time payment was presumptively due, therefore, and another six years elapsed before the plaintiff's appointment as administratrix of the estate.

The plaintiff contends that the statute of limitations was tolled in her favor because, during the period between the time of selling the timber and his death, the intestate was laboring under a disability within the meaning of Code § 3-801, as follows: "Infants, idiots, or insane persons . . . who are such when the cause of action shall have accrued, shall be entitled to the same time, after the disability shall have been removed, to bring an action, as is prescribed for other persons." As to such disability, the plaintiff testified in substance that the intestate "gave down" about September of 1941, didn't do much after that, walked around, talked and worried, got physically sick, would go in the woods and lie down and get lost. On cross-examination she stated: "I imagine he knew what was going on right up until the time he died, I don't know; I imagine he knew what was going on when the timber was being cut, I don't know; he knew when he sold it; from that time on he didn't do anything else; I remember when Mr. Faust asked me if Frank knew what he was doing [on the previous trial of the case]. I said yes, he knew what he was doing but he was ill about a year during that time from 1941 on up; I never made any effort to have Frank sent to the State Hospital or Asylum; he might have come to town time after time during the last five years; if I was not with him, somebody else was with him; he didn't know everything that was

going on." The plaintiff's son testified that, right after the timber was cut, his father got sick, it seemed to be his mind and body were affected some way, his mind started going down, his condition got worse and worse until his death. On cross-examination he stated: "His mind was all right when the timber was being cut . . . as to whether my daddy was not able to attend to business at any time between 1941 and 1946, he had been to see these people but he was still ailing; he wanted a settlement; we went to Knox Brothers. . . I don't know that he kept on taking care of his business right up to the time he died; he did not. . . I was in the service two and one half years; I know he was sick from time to time during that time."

Weakness of mind sufficient to toll the statute of limitations must be so pronounced as to amount to imbecility, or at least such as would prevent the person from understanding the nature of his act. *Mullins* v. *Barnett,* 204 *Ga.* 11 (48 S. E. 2d 842) ; *Jones* v. *Hogans,* 197 *Ga.* 404 (29 S. E. 2d 568). And while the evidence should be construed in favor of the plaintiff in deciding whether a judgment of nonsuit is error (Code § 110-310; *Clark* v. *Bandy,* 196 *Ga.* 546, 27 S. E. 2d 17), nevertheless the testimony *of the plaintiff,* where contradictory or equivocal as to the material allegations on which her right of recovery rests, must be construed most strongly against her, and a nonsuit will be authorized unless the plaintiff introduces other witnesses whose testimony is sufficient to establish the allegations of the petition. *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470). The plaintiff admitted that she "imagined" the deceased knew what he was doing, although he was ill, and that she had previously so testified; her son testified that he had gone with his father to see the persons who he testified had actually cut the timber, during this period of time, and that his father wanted a settlement, and that "he was sick from time to time during that time." Under the rules stated above, this testimony was not sufficient to carry the plaintiff's burden of affirmatively showing that the deceased, during the period between 1941 and 1946 or any part thereof, had weakness of mind such as to amount to imbecility or to prevent him from knowing what he was doing. Accordingly, this action is barred by the statute of limitations.

■ The evidence excluded, the exclusion of which is assigned

as error, related to proof of title in the intestate, and the admission of such testimony would in no event have helped the plaintiff's case under the ruling in the first division hereof. Accordingly, its exclusion would in no event be a ground for reversal. *Stewart* v. *Savannah Electric Co.*, 133 *Ga.* 10 (2) (65 S. E. 110, 17 Ann. Cas. 1085).

The trial court did not err in granting the judgment of nonsuit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*