**Judith N. SPEISER, Plaintiff,**

v.

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendants.**

**Civ. A. No. 85–2426.**

United States District Court,
District of Columbia.

June 19, 1986.

Joseph D. Gebhardt, Dobrovir & Gebhardt, Washington, D.C., for plaintiff.

Michael L. Martinez, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiff Judith Speiser, an attorney formerly employed by the U.S. Department of Health and Human Services (the Department), brings this action against the Department under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Plaintiff claims that the defendant discriminated against her because of her mental illness in violation of the Rehabilitation Act of 1973 by harassing and intimidating her and

eventually causing her constructive discharge. Pending before the Court is defendant's motion to dismiss or for summary judgment on the grounds that plaintiff failed to exhaust her administrative remedies in a timely manner. More specifically, defendant's motion raises the issue of whether the plaintiff's claim of mental illness and the circumstances surrounding her five and one-half month delay in filing her discrimination complaint mandate equitable tolling of the 30 day period for lodging a discrimination complaint required by 29 C.F.R. § 1613.214(a)(1)(i). For the reasons stated herein, the Court finds that the circumstances do not require equitable tolling, and therefore grants defendant's motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies within the requisite period of time.

### I

The following facts are undisputed. Plaintiff was employed as an attorney in the General Counsel's office of the U.S. Department of Health and Human Services from November 1981 until February 24, 1984. On February 10, 1984, plaintiff received a letter from her supervisor stating that she would be terminated effective February 24, 1984. On the same day, February 10, 1984, plaintiff, advised by her attorney, Joseph D. Gebhardt, reached an agreement with plaintiff's supervisor that the Department would withdraw her termination and expunge her unsatisfactory 1983 annual performance appraisal in exchange for plaintiff's resignation from the Department.[1] Plaintiff submitted her letter of resignation on February 15, 1984, to be effective February 24, 1984.

Plaintiff and her attorney met with the General Counsel and Deputy General Counsel of the Department on February 24, 1984. On the same day, plaintiff delivered a letter to the General Counsel's office which requested additional benefits and an

1. Defendant's Exhibit 1 (letter of Judith Speiser to Assistant General Counsel Ann T. Hunsaker, dated February 14, 1984).

investigation into the conduct of plaintiff's supervisor.[2] The letter referred to the resignation agreement between plaintiff and her supervisor, and stated that plaintiff had decided that it would be in the best interests of her future career to resign with a clean record rather than pursue her claim of discrimination. The letter was accompanied by a memorandum which described in detail the basis for plaintiff's discrimination claim, although the letter also stated that Ms. Speiser did not plan "to contest her departure."[3] The General Counsel responded to the February 24, 1984 letter on March 22, 1984, when he informed plaintiff that the General Counsel's office would take no further action.

Meanwhile, plaintiff's mental disorder became aggravated, leading to a series of intermittent hospitalizations for treatment. Plaintiff was hospitalized five times for a total of 65 days in the months following her resignation.[4]

On August 10, 1984, five and one-half months after plaintiff's resignation, her attorney submitted an informal discrimination complaint to an Equal Employment Opportunity officer, along with a letter requesting an extension of time to file the complaint. Following the EEO counselor's issuance of a final report, plaintiff filed a formal administrative complaint. The Department, however, rejected the complaint as untimely. The Equal Employment Opportunity Commission affirmed the Department's decision on June 26, 1985. Plaintiff then filed this action.

2. Defendant's Exhibit 3 (letter from Joseph D. Gebhardt, attorney for Judith Speiser, to Juan del Real, General Counsel, dated February 24, 1984).

3. Defendant's Exhibit 3 at p. 2. At another point the letter stated that Ms. Speiser had given up her claim of discrimination. *Id.* at p. 1.

4. The hospitalizations occurred as follows: February 28, 1984 to March 20, 1984; May 15, 1984; May 23, 1984 to June 15, 1984; June 27, 1984 to July 7, 1984; and August 4, 1984 to August 10, 1984.

5. Suits under the Act are governed by the procedural requirements which implement Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e–16,

## II

Plaintiff brings her claim pursuant to the Rehabilitation Act of 1973 (the Act), as amended, 29 U.S.C. § 701 *et seq.*, which prohibits employment discrimination against handicapped individuals. A federal employee seeking relief under the Act must exhaust administrative remedies before bringing a civil suit alleging discrimination on the basis of a handicap.[5] *Kizas v. Webster,* 707 F.2d 524 (D.C.Cir.1983); *Prewitt v. United States Postal Service,* 662 F.2d 292 (5th Cir.1981).

The regulations setting forth the procedures for seeking administrative relief in Rehabilitation Act cases provide that an aggrieved person may not file a formal administrative complaint until he has "brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of its effective date." 29 C.F.R. § 1613.214(a)(1)(i). The regulations also provide that:

> *The agency shall extend the time limits* in this section: (1) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or *that he was prevented by circumstances beyond his control from submitting the matter within the time limits; ...*

29 C.F.R. § 1613.214(a)(4).

The primary issue before the Court in defendant's motion[6] is whether plaintiff was "prevented by circumstances beyond [her] control from submitting the matter"

29 U.S.C. § 794a(a)(1). The exhaustion requirement in Rehabilitation Act cases follows from the well-established requirement that Title VII litigants must exhaust administrative remedies before they may file a civil lawsuit. *See Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Kizas v. Webster,* 707 F.2d 524 (D.C.Cir.1983).

6. It is undisputed that plaintiff failed to contact the EEO counselor within the requisite time period. Although her employment with the Department ended February 24, 1984, plaintiff did not contact an EEO counselor until August 10, 1984, nearly five and one-half months later.

to an EEO counselor within 30 days, thus entitling her to an extension of the 30 day time period.[7] Plaintiff argues that she is entitled to an extension, or equitable tolling, of the 30 days because she was mentally incapacitated from the date of her resignation until shortly before she contacted an EEO counselor. She claims that her incapacitation constitutes "circumstances beyond her control" which prevented her from filing her EEO complaint in a timely fashion.

Viewing the circumstances of plaintiff's case as a whole, the Court concludes that an extension of the 30 day requirement is not warranted. In reaching this conclusion, the Court is mindful that the various time limits imposed for instituting discrimination complaints at the agency level represent "a balance between fairness to the claimant and the importance of beginning the administrative process of investigation and conciliation in a timely manner." *Wolfolk v. Rivera*, 729 F.2d 1114, 1117 (7th Cir.1984).

According to the affidavit of plaintiff's psychiatrist, Ms. Speiser suffers from Atypical Depression, a recognized diagnostic entity. The condition manifests itself as lethargy, tendency toward excess sleep, disorganization, disorientation, appetite changes, distorted perceptions, impaired judgment, and paranoid thinking.[8] Her psychiatrist stated that in the months following her resignation, plaintiff was depressed, preoccupied, and unable to think rationally about her employment situation. He does not state that she was ever *non compos mentis*, or that her condition made her unaware of the circumstances surrounding her resignation and their conse-

quences. Indeed, the gist of plaintiff's claim is not that her condition rendered her incapable of perceiving or understanding events, but that it impaired her ability to make a decision about how to proceed on the basis of that knowledge.

The issue before the Court then is whether a mental illness that results in impaired judgment warrants an extension of the 30 day filing requirement. While there is very little law to speak of which addresses whether this kind of mental illness constitutes "circumstances beyond control" pursuant to 29 C.F.R. § 1613.214(a)(4),[9] an examination of the law that does exist and of analogous bodies of law compels the Court to conclude that impaired judgment is not enough.

■ As a starting point, the courts have held that, under Title VII sex and race discrimination cases, a plaintiff is deemed to have been prevented from filing a complaint by circumstances beyond his/her control until such time as the discrimination suffered was "apparent or should have been apparent to a person with a reasonably prudent regard for his rights." *See, e.g., Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975). Plaintiff acknowledges that she was aware of the facts giving rise to her claim of discrimination and knew about the 30 day filing requirement.[10] This acknowledgement is reinforced by the fact that plaintiff herself is an attorney and was represented by an attorney for the entire period of time at issue here. *See Acklin v. National Gallery of Art*, C.A. 84–4041, slip op. at 10–11 (D.D.C. May 2, 1986) [Available on WESTLAW, DCT database]. She was aware enough of her rights to negotiate with the Department over the terms of

---

**7.** Although the regulation permits tolling of the 30 day period on other grounds as well, plaintiff does not claim she is entitled to an extension on any other grounds nor do they appear to the Court to be applicable on these facts.

**8.** Affidavit of plaintiff's psychiatrist, Terry Alan Teplitz, M.D., at 2–3; *see also,* plaintiff's Exhibit 1, December 29, 1984 letter of Dr. T.A. Teplitz to Joseph Gebhardt.

**9.** The cases that have addressed this regulation have generally involved situations where the claimant was misled by someone, usually the agency, about the filing requirements. *See, e.g., Jarrell v. United States Post Office*, 753 F.2d 1088 (D.C.Cir.1985); *Acklin v. National Gallery of Art Board of Trustees*, C.A. No. 85–4041 (D.D.C. May 2, 1986).

**10.** Plaintiff's opposition to defendant's motion to dismiss at 5.

her departure from her job, even stating in the letter to the General Counsel that she was "giving up" her discrimination claim.[11] On these facts, plaintiff cannot argue that the facts giving rise to her claim were not "apparent" to her. While this test may or may not be appropriate in this case,[12] it is clear that plaintiff fails to satisfy it.

In the alternative, the Court could look for guidance to the standard for tolling the statute of limitations on grounds of mental incompetency in civil actions. In the only other case to address the question of tolling administrative time periods on mental incompetency grounds, the federal district court in Ohio held that mental incompetency could toll the period for filing an age discrimination complaint for any period of time where a court adjudicates the claimant to be incompetent or where the claimant is confined to a hospital or institution under a diagnosed condition which renders him incompetent. *Bassett v. Sterling Drug, Inc.*, 578 F.Supp. 1244, 1247 (S.D.Ohio 1984). The Court applied the state statutory standard for tolling the statute of limitations on civil claims on the grounds that the objective standard in the statute would protect defendants against specious allegations of mental incompetence advanced in efforts to save time-barred claims. *Id.* at 1248.

Following the district court in Ohio and applying the District of Columbia's standard governing the tolling of the statute of limitations for civil actions, it is apparent that plaintiff fails this test as well. D.C. Code § 12-302 provides in relevant part that the statute of limitations in civil actions is tolled for a person who is *noncompos mentis* until the disability is removed.

D.C.Code § 12-302. *Noncompos mentis*, while not defined in the D.C.Code, generally refers to someone incapable of handling his own affairs or unable to function on society. *McCarthy v. Volkswagen of America*, 55 N.Y.2d 543, 450 N.Y.S.2d 457, 435 N.E.2d 1072 (1982); *see also*, E. Zenoff, Civil Incompetency in the District of Columbia, 32 G.W.U.L.Rev. 243 (1963). More specifically, the universally applied standard for determining when a person is mentally unsound for purposes of tolling civil statute of limitations is:

"[The] disability is of such a nature as to show [plaintiff] is unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities."

*See, e.g., Decker v. Fink*, 47 Md.App. 202, 422 A.2d 389, 392 (1980); *McCarthy v. Volkswagen of America*, 55 N.Y. 2d 543, 450 N.Y.S.2d 457, 435 N.E.2d 1072 (1982). Further, *impaired judgment alone* is not enough to toll the statute of limitations. *Decker v. Fink, supra,* 422 A.2d at 393.[13]

While plaintiff may have had impaired judgment, she has not submitted evidence that establishes that she was incapable of handling her affairs or unable to comprehend her legal rights. Even if the Court tolls the 30 day period for the 69 days plaintiff was hospitalized,[14] 99 days still lapsed between the time plaintiff resigned to when she initially contacted an EEO counselor, over three times the prescribed filing period. Even assuming plaintiff was incompetent during her hospitalizations, she has not established that during the 99 days she was not hospitalized that she was impaired to the point of being *noncompos mentis*. First, as discussed *supra*, plain-

---

**11.** *See* Defendant's Exhibit 2. Plaintiff does not claim to have been incapacitated at the time she negotiated her departure terms and decided not to pursue her claim.

**12.** This standard has thus far only been applied in Title VII cases, usually in cases where the plaintiff pled ignorance of the facts giving rise to the claim of discrimination. *See, e.g., Reeb v. Economic Opportunity Atlanta, supra,* 516 F.2d at 931.

**13.** Some courts have stated that the weakness of mind must be so pronounced as to amount to

imbecility. *See Barnett v. Ashley*, 89 Ga.App. 679, 81 S.E.2d 11 (1954).

**14.** *Cf. Keene v. Costle*, 589 F.Supp. 687, 692 (E.D.Pa.1984) (time period for filing discrimination claim tolled while plaintiff hospitalized for back injury); *Bassett v. Sterling Drug, supra,* 578 F.Supp. at 1248 (time period for filing age discrimination claim tolled while plaintiff diagnosed as mentally incompetent was institutionalized).

tiff clearly *did* understand her legal rights at the time of her resignation and was represented by counsel in the months following her resignation.[15] Secondly, while plaintiff has brought forth evidence to the effect that she was preoccupied, depressed, and obsessed with the events surrounding her resignation, she has not shown that she was ever adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone else handle her affairs such as might be done for someone who is *noncompos mentis*.[16] While plaintiff clearly suffers from a legitimate mental illness, she has failed to demonstrate that it disabled her to the requisite degree.[17]

Beyond the strictures of the two alternative standards just discussed, plaintiff has not presented other compelling equitable considerations that might warrant tolling the 30 day period. She was fully aware of the facts giving rise to her claim and was represented at all times by an attorney. This is not a case where the defendant prevented plaintiff from exercising her rights,[18] *e.g., Jarrell v. United States Post Office,* 753 F.2d 1088, 1091 (D.C.Cir.1985), or where an unsophisticated claimant was confounded by the administrative processes. *See Loe v. Heckler,* 768 F.2d 409, 417 (D.C.Cir.1985). Consequently, the Court finds that plaintiff has not met the standard for tolling the 30 day time limit under 29 C.F.R. § 1613.214(a)(4)(i), and that her complaint must therefore be dismissed for failure to exhaust administrative remedies.

---

**15.** *See* defendant's Exhibit 2.

**16.** Plaintiff's Exhibit 2 at ¶ 6.

**17.** *Cf. Libertelli v. Hoffman-La Roche, Inc.,* 565 F.Supp. 234 (S.D.N.Y.1983) (plaintiff's diagnosed schizophrenia not enough to waive statute of limitations where he handled finances, travelled widely, and enrolled in college courses); *McCarthy v. Volkswagen of America, supra,* (post traumatic neurosis where plaintiff unable to consciously face memory of accident, but could manage affairs and work, insufficient to waive statute of limitations).

**18.** Plaintiff argues at one point that since the purpose of the requirement that a claimant notify an EEO counselor is to give the agency notice of the discrimination claim, *see Loe v. Heckler,* 768 F.2d 409, 418 (D.C.Cir.1985), she satisfied the requirement when she met with the General Counsel on the day of her resignation and submitted to him the memorandum detailing her allegations of discrimination. Furthermore, she argues that the General Counsel had an obligation to forward the claim to the EEO office. Neither argument has merit. As for the first claim, plaintiff can hardly claim that her correspondence put the Department on notice of her claim when she stated twice in the letter to the General Counsel that she did not intend to pursue a discrimination claim. As for the second claim, the General Counsel cannot be expected to forward plaintiff's complaint to the EEO office when she represented to him that she did not want to file a complaint.