F. Michael KIEN, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 88–2778.

United States District Court, District of Columbia.

Oct. 12, 1990.

---

18. 29 U.S.C.A. § 631(c)(2) permits the actuarily    equivalent calculation.

Joseph Kolick, Dickstein, Shapiro & Morin, Washington, D.C., for plaintiff.

David Orbuch, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Mr. Kien originally filed this action *pro se* against the United States, the Secretary of the Navy (Navy), the Director of the Office of Personnel Management (OPM), the Secretary of Labor, the Chairman of the Merit System Protection Board (MSPB), and the Chairman of the Equal Opportunity Employment Commission (EEOC). Mr. Kien's complaint arose out of

his termination from the Department of the Navy, where he was employed as a Safety and Occupational Health Manager with the Military Sealift Command (MSC) in the Washington, D.C. area. Mr. Kien alleged violations of the Privacy Act of 1974, 5 U.S.C. § 552a, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Federal Employees Compensation Act, 5 U.S.C. §§ 7902, 8101, *et seq.* By order of November 9, 1989, this Court dismissed all defendants except the Navy, stating that the only proper action was an action *de novo* against the alleged discriminating employer under the Rehabilitation Act.

On January 31, 1990, the Navy filed a motion to dismiss or in the alternative for summary judgment. The Court granted Mr. Kien an enlargement of time to respond while Mr. Kien obtained counsel. On July 13, 1990, counsel for Mr. Kien filed both an opposition to the Navy's motion and an amended complaint adding one count of reprisal for Mr. Kien's "whistle-blowing" activities, in violation of 5 U.S.C. § 2302(b)(8) and the first amendment to the United States Constitution. On August 9, 1990, the Navy filed a motion to dismiss Mr. Kien's reprisal claim for lack of subject matter jurisdiction. Mr. Kien filed an opposition on August 24, 1990.[1] Having considered the motions and supporting memoranda and exhibits filed by the Navy, the oppositions thereto and supporting exhibits and affidavits filed by Mr. Kien, the arguments made at a hearing held on August 30, 1990, and the reasons that follow, the Court shall grant defendant's motions and enter summary judgment for the defendant.

## FACTS

The facts surrounding Mr. Kien's removal, construed in the light most favorable to Mr. Kien, are essentially as follows: Mr. Kien was hired as a Safety and Occupational Health Manager for the MSC in January 1982. During the fall of 1982, Mr. Kien reported perceived violations of Navy regu-

---

1. Because the motions present matters outside the pleadings, the Court has treated them as motions for summary judgment in accordance with rule 12(b) of the Federal Rules of Civil Procedure.

lations concerning federal safety and occupational health programs to various officials within the MSC and the Navy. Subsequent to these complaints, Mr. Kien had a contentious and antagonistic relationship with his immediate supervisor, John W. Hinkell. According to Mr. Kien, the antagonism Mr. Hinkell had toward him manifested itself in poor performance evaluations, harassing comments, and the assignment of inappropriate tasks with short deadlines. The relationship worsened after Mr. Kien had two work-related automobile accidents for which Mr. Hinkell allegedly delayed Kien's application for workers compensation, and after which Hinkell imposed burdensome demands on Kien's requests for leave to receive medical treatment.

Prior to Mr. Kien's employment at the MSC, he had been diagnosed as having "Adult Situational Reaction," a psychological disorder aggravated by stress and anxiety. He has also been diagnosed as having a borderline personality/post-traumatic stress disorder, and myofascial pain syndrome. Mr. Kien's psychological condition allegedly was aggravated by his contentious relationship with Mr. Hinkell and by his two work-related accidents. As a result, Mr. Kien requested a transfer or reassignment under a new supervisor, but the Navy refused his requests. Mr. Kien also sought psychological counseling from Jon E. Williams, Ph.D., who, in June 1984, telephoned Mr. Hinkell to inform him of Kien's unstable psychological condition and to advise that Kien be transferred. On July 24, 1984, Dr. Williams wrote to Admiral W.H. Rowden, commander of the MSC, informing him of Mr. Kien's condition, including the possibility that Kien would become violent toward Mr. Hinkell, and again request-

ing that Kien be transferred. Eventually Mr. Kien refused to recognize Mr. Hinkell's authority and after Hinkell allegedly withdrew Kien's previously authorized leave, Kien took the leave anyway, beginning on June 26, 1984. On September 21, 1984, the Navy discharged Mr. Kien for unauthorized absences from work.

Mr. Kien appealed his termination to the MSPB on October 2, 1984 and the MSPB upheld plaintiff's removal on February 7, 1985.[2] Mr. Kien then petitioned the full Board for a review of the MSPB decision, which the Board denied on May 29, 1985. With the denial of his petition, Mr. Kien was advised that he had the right to appeal within 30 days to the United States Court of Appeals for the Federal Circuit in accordance with 5 U.S.C. § 7703(b)(1). Mr. Kien instead chose to appeal to the EEOC and filed a timely petition for review on June 29, 1985.[3] Determining that Mr. Kien had never raised his discrimination claim before the MSPB, the EEOC denied the petition on June 18, 1986. The EEOC advised Mr. Kien that he had a right to appeal to the appropriate federal district court within 30 days of the date of receipt of the EEOC's decision. Mr. Kien did not avail himself of that right; rather, he sought disability retirement from OPM and workers compensation from the Office of Workers Compensation Programs. Over the next year-and-a-half, Mr. Kien also attempted to reopen his case before the MSPB and the EEOC. On September 2, 1988, the EEOC rejected Mr. Kien's second petition for review of the MSPB's decision after discovering that he had previously filed a petition for review of the same MSPB decision, which had been denied.

2. Mr. Kien's petition to the MSPB alleged claims of reprisal and discrimination due to psychological handicap. The parties are in dispute, however, about whether Mr. Kien waived his discrimination claim prior to the MSPB hearing. The Navy alleges that Mr. Kien's counsel telephoned the MSPB before the hearing and stated that Mr. Kien was dropping his discrimination claim. Mr. Kien claims that his counsel did not have authority to drop this claim and that he instructed his counsel to correct the error. Moreover, Mr. Kien claims that he introduced evidence of his handicapped condition and requests for transfer at the MSPB hearing. Never-

theless, the MSPB did not consider or rule on Mr. Kien's handicap discrimination claim.

3. Petitions containing claims appealable to the MSPB and claims alleging discrimination are referred to as "mixed claims" and may be appealed from the MSPB to the EEOC in accordance with 5 U.S.C. § 7702(b)(1). Petitions for review of MSPB decisions in cases that do not allege discrimination are reviewable only in the United States Court of Appeals for the Federal Circuit, in accordance with 5 U.S.C. § 7703(b).

On September 4, 1987, over two years after the MSPB decision, plaintiff filed a formal complaint of discrimination with the Navy. This was rejected and plaintiff appealed to the EEOC. On October 3, 1988, the EEOC upheld the agency's rejection because the plaintiff had not complied with EEOC Regulation 29 C.F.R. § 1613.214(a)(1)(i), which requires that complaints of discrimination be brought to the attention of the EEOC within 30 days of the alleged discriminatory personnel action.

## DISCUSSION

The Navy bases both of its motions on procedural grounds: first arguing that Mr. Kien is precluded from bringing his handicap discrimination claim because he failed to file a timely appeal from the EEOC's June 18, 1986 decision, and second arguing that Mr. Kien is precluded from bringing his reprisal claim because he failed to file a timely appeal from the MSPB's May 29, 1985 decision.

### A. *Plaintiff's Rehabilitation Act Claim*

■ Mr. Kien brings his handicap discrimination claim pursuant to § 501 of the Rehabilitation Act of 1973, which bars discrimination by the federal government in the hiring, placement, and advancement of handicapped individuals. 29 U.S.C. § 791. The section is designed to parallel § 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and thus requires aggrieved individuals to exhaust their administrative remedies before obtaining judicial review of alleged discrimination. Section 505 of the Act provides that "[t]he remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16) … shall be available, with respect to any complaint under section 501 of this Act, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such com-

plaint." 29 U.S.C. § 794a(a)(1). Under 42 U.S.C. § 2000e–16(c), a person aggrieved by the EEOC's decision may appeal to federal district court within 30 days of receipt of the EEOC's decision.

In this case, the Navy argues that this Court lacks subject matter jurisdiction over Mr. Kien's discrimination claim because he failed to appeal the EEOC's June 18, 1986 decision within the time prescribed by § 2000e–16(c). Mr. Kien argues that the time limit is not jurisdictional, but is like a statute of limitations, subject to equitable tolling. He then argues that the Court should toll the time limit during the period between June 18, 1986 and September 26, 1988, on which date Mr. Kien filed this lawsuit. He argues that equitable tolling is warranted because his "aggravated psychological state prevented [him] from clearly and logically assessing and considering the array of administrative and judicial options available to him." Plaintiff's Surreply at 3.

The United States Supreme Court has not spoken to whether the 30–day time limit of § 2000e–16 is jurisdictional or subject to tolling; however, in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), it held that the time limit for filing a Title VII claim with the EEOC against a private employer is "subject to waiver, estoppel and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132.[4] The Supreme Court set forth several factors that could justify equitable tolling in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), which involved the time limit for filing a civil action following EEOC dismissal of a claim against a private employer.[5] In that case, the Court suggested that equitable tolling would be proper in "a case in which a claimant has received inadequate notice, … or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted

---

**4.** *Zipes* involved 42 U.S.C. § 2000e–5(e), which currently requires discrimination claims to be brought within 180 days of the alleged discriminatory action. When *Zipes* was decided, the time limit was 90 days.

**5.** 42 U.S.C. § 2000e–5(f) provides that an aggrieved person may bring a civil action within 90 days of the EEOC's dismissal of the person's claim against a private employer.

upon, . . . or where the court has led the plaintiff to believe that she ha[s] done everything required of her . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Id.* at 151, 104 S.Ct. at 1725–26.

The United States Court of Appeals for the District of Columbia has held that equitable tolling applies to the 30–day time limit of § 2000e–16(c). In *Mondy v. Secretary of the Army*, 845 F.2d 1051 (D.C.Cir. 1988), the court held that the time limit is not jurisdictional and is subject to equitable estoppel, but that a court's equitable power should be exercised "only in extraordinary and carefully circumscribed instances." *Id.* at 1057.[6] The court did not provide an exclusive list of factors that would amount to such "extraordinary and carefully circumscribed instances," but it did cite the examples listed in *Baldwin County Welcome Center.* In an earlier case, however, the court had admonished district courts from taking an "overly technical approach" to procedural thresholds that could "improperly impede the goal of making federal employment free from proscribed discrimination." *Loe v. Heckler*, 768 F.2d 409, 417 (D.C.Cir.1985).

In light of these decisions and with the desire to keep judicial review "accessible to individuals untrained in negotiating procedural labyrinths," *id.* at 417, this Court, after oral argument, granted Mr. Kien leave to submit evidence to support his argument for equitable tolling based on his psychological handicap.[7] *See Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990) (noting that a motion to dismiss "may be supported by whatever documents might be necessary to resolve the jurisdictional problem" and that

"an evidentiary hearing may be held if necessary"); *Majd–Pour v. Georgiana Community Hospital, Inc.*, 724 F.2d 901 (11th Cir.1984) ("[a]lthough plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"). On September 28, 1990, Mr. Kien filed an affidavit of Jon E. Williams, Ph.D., the clinical psychologist who treated Mr. Kien from May 1984 through October 1985. In it, Dr. Williams stated that he diagnosed Mr. Kien's condition during that time as "post-traumatic stress disorder with major depressive episodes." Williams Affidavit at 1. He further stated that "[g]iven my diagnosis of Mr. Kien, I would anticipate that Mr. Kien would not be able to clearly and rationally assess the legal options available to him with regard to his wrongful discharge/handicap discrimination claim, if his condition was significantly aggravated by stress." *Id.* at 2. Dr. Williams concluded by stating that the stressful circumstances alleged by Mr. Kien "constitute the type of stressful circumstances which would significantly aggravate Mr. Kien's psychological condition." *Id.* Dr. Williams did not address how Mr. Kien was able to timely file his original appeal to the MSPB, his petition for reconsideration to the full Board, or his appeal of the full Board's denial to the EEOC, all while undergoing "stressful circumstances." Dr. Williams also did not provide evidence of Mr. Kien's psychological condition between June 18, 1986, the date upon which the EEOC denied Mr. Kien's appeal, and September 26, 1988, the date upon which Mr. Kien filed this lawsuit. This period of time occurred long

---

**6.** The *Mondy* court determined that the time limit should have been tolled when the plaintiff, who was proceeding *in forma pauperis,* filed within the time limit but failed to name the proper defendant, and when the United States marshals, who are responsible for serving process in *in forma pauperis* cases, failed to serve the defendants until after the time limit expired.

**7.** At oral argument on August 30, 1990, Mr. Kien's counsel represented to the Court for the first time that if given the opportunity, she

would be able to produce evidence to show that Mr. Kien's psychological handicap at the time he received his right-to-sue letter precluded him from logically assessing his legal options. Although such evidence should have been produced in Mr. Kien's opposition and surreply to the Navy's motion for summary judgment, this Court, by way of a September 5, 1990 Order, granted Kien leave to file affidavits to support his argument for equitable tolling due to psychological handicap.

after Dr. Williams ceased treating Mr. Kien.

The issue of whether psychological handicap may be the basis for equitable tolling is not completely new to this circuit. In *Speiser v. United States Dep't of Health and Human Services*, 670 F.Supp. 380 (D.D.C.), *aff'd without opinion*, 818 F.2d 95 (D.C.Cir.1986), the district court examined the issue with respect to the time limit of 29 C.F.R. § 1613.214(a)(1)(i), which requires a complainant to notify an EEOC counselor of discrimination within 30 days of the alleged discriminatory action. In *Speiser*, the plaintiff submitted an informal discrimination complaint to an EEOC counselor five-and-a-half months after the alleged discriminatory event. During that five-and-a-half-month period, the plaintiff was hospitalized five times, for a total of 65 days, for treatment of her aggravated mental disorder.

The district court, using the EEOC standard for extending the 30–day limit if the complainant "was prevented by circumstances beyond his control from submitting the matter within the time limits," 29 C.F.R. § 1613.214(a)(4), refused to toll the regulatory time limit. The court applied two different tests to determine whether plaintiff's mental illness constituted "circumstances beyond [her] control." First, the court looked to decisions holding a plaintiff unable to file a complaint due to such circumstances until "the discrimination suffered was 'apparent or should have been apparent to a person with a reasonably prudent regard for his rights.'" *Speiser*, 670 F.Supp. at 383 (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir.1975)). The court determined that the plaintiff, who had acknowledged she was aware of the facts giving rise to her complaint and of the 30–day time limit, failed to satisfy this test. Second, the court applied the District of Columbia standard for tolling the statute of limitations for civil actions, which provides for such tolling when the plaintiff is *non compos mentis*. D.C.Code Ann. § 12–302. *Non compos mentis* generally refers to someone who is unable to handle his or her business affairs and comprehend

his or her legal rights and obligations. *See e.g.*, *McCarthy v. Volkswagen of America*, 55 N.Y.2d 543, 450 N.Y.S.2d 457, 435 N.E.2d 1072 (1982); *Decker v. Fink*, 47 Md.App. 202, 422 A.2d 389 (1980). The court in *Speiser* found that the plaintiff had not submitted evidence that she was "ever adjudged incompetent, signed a power of attorney, had a guardian or caretaker appointed, or otherwise took measures to let someone else handle her affairs...." *Speiser*, 670 F.Supp. at 385. Because the plaintiff failed to satisfy either test, the district court held that she was unable to meet the standard for tolling the 30–day time limit of 29 C.F.R. § 1613.214(a)(4).

Mr. Kien's situation is similar, although the applicable time limit is provided by a statute, 42 U.S.C. § 2000e–16(c), rather than a regulation expressly subject to tolling. Mr. Kien clearly was aware of the circumstances giving rise to his claim of discrimination. He filed a timely appeal of his dismissal with the MSPB, a timely petition for review by the entire Board, and a timely petition for review with the EEOC. The only thing he failed to do was file a timely appeal from the EEOC's decision. Moreover, Mr. Kien has not submitted any evidence that he was *non compos mentis* during the two years between the EEOC's denial of Mr. Kien's petition and the filing of this suit. Dr. Williams' affidavit, which is based on his diagnosis of Mr. Kien in 1984 and 1985, does not assert that Mr. Kien was incapacitated to the extent of being unable to handle his affairs or comprehend his legal rights. A letter from Dr. Lawrence A. Brain, M.D., a psychiatrist, submitted by Mr. Kien as an exhibit to his opposition to the Navy's motion to dismiss, also does not suggest that Mr. Kien was *non compos mentis*. The letter, written to a medical management assistant at the Department of Labor in reference to Mr. Kien's claims, states that during Dr. Brain's examination, Mr. Kien "was oriented in time, place and person." Exhibit 1 to Plaintiff's Opposition at 6. Dr. Brain concluded in the letter that "for a period from November 2, 1982 through to January of 1985, the claimant intermittently suffered

an aggravation of his emotional condition such that it impaired his ability to function. His current presentation represents his basic underlying Borderline Personality Disorder." *Id.* at 7. The period during which Mr. Kien was diagnosed as suffering from an impaired ability to function ended over a year before the EEOC decision that gave rise to Mr. Kien's right to appeal. After that, according to Dr. Brain, Mr. Kien suffered, and allegedly continues to suffer, from a "Borderline Personality Disorder" that results in his being "a vulnerable person prone to misinterpreting his environment at times, yet, at others, being able to function in a quite adequate way." *Id.* at 6. Like Dr. William's affidavit, Dr. Brain's letter simply does not establish that Mr. Kien was *non compos mentis* or was in any way unable to comprehend his legal rights.

■ Mr. Kien's situation also does not fall into any of the examples that the Supreme Court, in *Baldwin County Welcome Center*, suggested might warrant equitable tolling. Mr. Kien received express notice of his right to appeal the EEOC's decision in a "*Notice of Right to File a Civil Action*" appended to the June 18, 1986 decision. Mr. Kien was represented by counsel through his MSPB hearing and did not seek representation for his subsequent appeals. Mr. Kien was never led by the MSPB or the EEOC to believe that he had "done everything required of [him]," *Baldwin County Welcome Center*, 466 U.S. at 151, 104 S.Ct. at 1726. On the contrary, the decisions of both the Board and the EEOC specifically included notice to Mr. Kien of his right to appeal. Finally, there are no allegations that the defendant lulled Mr. Kien into inaction through some form of affirmative misconduct. The only thing that could ac-

count for Mr. Kien's inaction is that he may have believed he would be compensated through disability retirement or workers compensation. However, even if Mr. Kien had such a belief, which he does not allege, it would not be attributable to the defendant Navy.[8]

In sum, because Mr. Kien has not shown that his psychological handicap prevented him from comprehending his legal rights and because Mr. Kien has not alleged other factors which warrant equitable tolling, the Court must grant the Navy's motion for summary judgment with respect to Mr. Kien's claims under the Rehabilitation Act.

### B. *Plaintiff's Reprisal Claims*

■ Mr. Kien alleges that his termination from the MSC was based on reprisal for his "whistleblowing activities," which included disclosure of information protected by 5 U.S.C. § 2302(b)(8). This claim was fully addressed by the MSPB, which upheld Mr. Kien's removal in an opinion issued on February 7, 1985. In that opinion, the MSPB stated that "the events which appellant contends demonstrate a pattern of retaliation, have little probative value and do not suggest or demonstrate that the removal action based on serious charges of intentional misconduct was taken in reprisal for appellant's disclosures." Attachment 6 to the Administrative Record, filed January 18, 1990, at 11. Mr. Kien timely petitioned the full Board for a review of the initial decision, which was denied on May 29, 1985. At that time, Mr. Kien was notified that he had a right, pursuant to 5 U.S.C. § 7703(b)(1), to petition for review in the United States Court of Appeals for the Federal Circuit within 30 days. Mr. Kien

---

**8.** Mr. Kien alleges that he was notified in May 1986 that OPM had approved his disability retirement, but that in April 1987, he was notified that it had been rescinded and he owed the federal government $10,000 in repayment. To the extent Mr. Kien may have decided in June 1986 that he would not seek an appeal because he was going to receive disability retirement compensation, the subsequent rescission of that compensation does not warrant equitable tolling. The relief provided by disability retirement is separate and distinct from that which may be accorded a successful complainant in a

discrimination action. Although the Court is sympathetic to the problems that rescission may have caused Mr. Kien, the Court is concerned that to toll the time limit in this situation would in effect permit a plaintiff to conditionally waive the right to appeal unless and until the plaintiff becomes dissatisfied with the alternative that led him not to seek an appeal in the first place. *Cf. Hofer v. Campbell*, 581 F.2d 975 (D.C.Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979) (plaintiff can't revive a claim of discrimination simply by filing a request to reopen).

failed to file such a petition. The Navy argues that because Mr. Kien failed to comply with the jurisdictional time limit, his complaint of reprisal must be dismissed.

Mr. Kien contends that he was under no obligation to petition the Federal Circuit for review because his claim was a "mixed claim" involving both reprisal and discrimination, and therefore was appealable to the EEOC rather than to the Federal Circuit, pursuant to 5 U.S.C. § 7703(b)(2). Accepting Mr. Kien's assertions, the Court is faced with the same analysis it engaged in with respect to Mr. Kien's discrimination claim. Although Mr. Kien timely petitioned the EEOC for review, he did not timely petition this Court for review of the EEOC's decision, pursuant to 42 U.S.C. § 2000e-16(c). Because he did not comply with the 30-day limit of § 2000e-16(c), his claim must be dismissed unless the Court determines that the time limit should be equitably tolled. For the reasons stated above, this Court holds that Mr. Kien's circumstances do not justify equitable tolling and therefore it must grant defendant's motion for summary judgment on Mr. Kien's reprisal claim.

## CONCLUSION

The Court has carefully reviewed all of the evidence supporting Mr. Kien's argument for equitable tolling based on psychological handicap. Mr. Kien has submitted evidence that he has for several years, including the period in question, suffered from a "Borderline Personality Disorder," which at times impairs his judgment. Based on this evidence, Mr. Kien argues that he was unable to logically assess his legal options at the time his right to an appeal in federal district court accrued. Thus, he argues that the 30-day time limit for filing an appeal from an EEOC decision should be equitably tolled. The Court, while giving due consideration to this evidence, is also cognizant of the fact that Mr. Kien filed several other timely petitions during the period in which he now claims to have been psychologically impaired. He filed a timely appeal with the MSPB, a timely petition for review with the Board, and a timely petition for review with the

EEOC. He also filed timely requests for disability retirement and workers compensation. Viewing all of this evidence in the light most favorable to Mr. Kien, the Court cannot hold that this evidence rises to the level of incapacity needed to justify tolling the 30-day limit of 42 U.S.C. § 2000e-16(c). Therefore, the Court must grant the Navy's motions to dismiss Mr. Kien's reprisal and discrimination claims.