USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2302 ODESSA NUNNALLY, Plaintiff, Appellant, v. CHARLES MACCAUSLAND, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ___________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ___________________ Odessa Nunnally on brief pro se. _______________ A. John Pappalardo, United States Attorney, and Karen L. ___________________ _________ Goodwin, Assistant United States Attorney, on brief for appellee. _______ __________________ June 10, 1993 __________________ Per Curiam. Plaintiff, a former federal employee, __________ appeals pro se from the district court's decision granting ___ __ summary judgment to defendant. The district court found that plaintiff's suit was barred by her failure to comply with the 30-day limitations period set forth in the Civil Service Reform Act ("CSRA"), 5 U.S.C. 7703(b)(2). Plaintiff argued that because of a mental incapacity during the tolling period, the district court should have permitted her suit to proceed under the doctrine of "equitable tolling." Plaintiff's complaint alleged that she was discharged from her position with the Defense Logistics Agency ("DLA") after 31 years' service because of a mental handicap, in violation of the Rehabilitation Act, 29 U.S.C. 791. On cross-motions for summary judgment, the case was referred to Magistrate-Judge Ponsor. The magistrate found that plaintiff had earlier sought administrative review of her claim before the Merit Systems Protection Board ("MSPB"), as permitted by the CSRA, 5 U.S.C. 7701, 7702. Following an adverse decision by the MSPB, plaintiff failed to seek further review in the courts, or in the Equal Employment Opportunity Commission ("EEOC"), until well after expiration of the 30-day period permitted for such suits in 5 U.S.C. 7703(b)(2).1 The magistrate held that the CSRA's 30-day ____________________ 1. Section 7703(b)(2) states the following: Cases of discrimination subject to the provisions of Section 7702 of this title shall be filed under -2- time limit was "jurisdictional," and thus not subject to equitable enlargement. Even if subject to tolling, however, the magistrate held that plaintiff was not entitled to equitable relief. Plaintiff objected to the magistrate's legal conclusions, moved to supplement the record with additional affidavits, and renewed a motion for an evidentiary hearing. The district judge allowed supplementation, but declined to hold an evidentiary hearing. Without directly ruling on the amenability of the statute to tolling, the district judge held that even if tolling were an available legal option, plaintiff's mental illness would not warrant enlargement of the limitations period. I. Under the Rehabilitation Act, 29 U.S.C. 794a(a)(1), claims of handicap discrimination are governed by the procedure set forth in Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act ("EEOA"), 42 U.S.C. 2000e-16. Since plaintiff was a ____________________ 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)) and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702. -3- classified civil service employee, her claim is also controlled by the procedures established for federal employees under the CSRA. The Supreme Court has ruled that the statutory filing deadline applicable to federal employee suits under the EEOA, 42 U.S.C. 2000e-16(c),2 are subject to equitable tolling. Irwin v. Veteran's Admin. Regional Office, 498 U.S. _____ ________________________________ 89, 111 S. Ct. 453 (1990). While the opinion presents some interpretive difficulties, it states that statutory filing deadlines governing suits against the Government "are subject to the same rebuttable presumption of equitable tolling applicable to suits against private defendants." Irwin, 111 _____ S. Ct. at 457; see Oropallo v. United States, Dkt. No. 92- ___ ________ ______________ 1983, Slip op. at 13 n.5. The CSRA limitations period in issue here is not only similar to, but intersects with, the EEOA provision directly addressed in Irwin. Together the two statutes _____ ____________________ 2. 42 U.S.C. 2000e-16(c) provided in relevant part: Within thirty days [now ninety days] of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the [EEOC] upon an appeal from a decision or order of such department, agency or unit on a complaint of discrimination ... or after one hundred and eighty days from the filing of the initial charge with the [agency] or with the [EEOC] on appeal from a decision ... of such department, agency or unit ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title .... -4- provide a series of interdependent supplementary and parallel channels for federal employees seeking administrative review of claims alleging prohibited discrimination.3 The statutes expressly cross-reference one another, conditioning the number and sequence of open avenues of administrative and court review on the employee's status and the nature of the ____________________ 3. The interdependence of the two statutes is rooted in their histories, which have been well documented elsewhere. The provision at issue in Irwin, 717 of the EEOA, 42 U.S.C. _____ 2000e-16, was added to the civil rights laws in 1972 because Congress was persuaded that federal employees had no effective administrative and judicial remedies. Brown v. _____ General Servs. Adm., 425 U.S. 820, 825-31 (1976). It was ____________________ then administered by the Civil Service Commission ("CSC"), and contained the exclusive administrative remedy for federal employee discrimination claims. Brown, 425 U.S. at 820. In _____ 1978, however, responding to continued discontent, Congress transferred jurisdiction over federal employee discrimination claims brought under the EEOA from the CSC to the EEOC. Congress also adopted the CSRA, abolished the CSC, and established the MSPB, as one of two agencies in its place. See generally Barbara L. Schlei & Paul Grossman, Employment _____________ __________ Discrimination Law 1188-90 (2d ed. 1983) (collecting ___________________ legislative history). Although the CSRA and EEOA contain a division of jurisdiction between the two agencies, there is also substantial interplay and overlap. 5 U.S.C. 7702. Depending on status and type of claim, federal employees may have up to five options for pursuing a discrimination claim. 5 U.S.C. 7701, 7702, 7121. See Lee M. Modjeska, ___ Employment Discrimination Law 2.7 (2d Ed. supp. 1991). ______________________________ The legislative history to 7703(b)(2) seems to contain few clues indicating any separate purpose for the 30-day deadline, see, e.g., S. Rep. No. 969, 95th Cong., 2d Sess. __________ 63-64, reprinted in 1978 U.S.C.C.A.N. 2723, 2785-86. And in ____________ 1991, when Congress increased from 30 to 90 days the time allotted for judicial review under 42 U.S.C. 2000e-16(c), it simply assumed that the new time limits would apply to all federal employees with Title VII claims against the federal government. Sen. Rep. on Pub. L. No. 102-166 114, reprinted in 1991 U.S.C.C.A.N. 549, 623. ____________ -5- claim. 42 U.S.C. 2000e-16(a) to (c); 5 U.S.C. 7701- 7703. Plaintiff here initially sought review of her termination before the Merit Systems Protection Board ("MSPB"). 5 U.S.C. 7701, 7702.4 Her case was assigned to an administrative judge who affirmed the agency. She then had an option to seek further review before the MSPB's full Board, a district court, or the EEOC. She chose full Board review, and her petition was denied. Again, plaintiff faced an option. She had thirty days to seek review in a district court or in the EEOC. 5 U.S.C. 7703(b)(2), 42 U.S.C. 2000e-16(c). It was at this juncture, the government contends, that she took a late step not subject to equitable tolling. She filed her petition with the EEOC nine months late (which the EEOC treated as an untimely appeal and denied) and filed in the district court a little more than three months after that. Had plaintiff instead initially sought EEOC review, and then taken a late step from the EEOC ____ ____________________ 4. As a permanent employee covered by 5 U.S.C. 7511(a)(1), plaintiff here seems to have had an initial option of pursuing her disability discrimination claim through the agency's EEO grievance procedure with a choice of appeal to either the EEOC or the MSPB, or bringing her claim directly to the MSPB. If she was subject to a bargaining agreement with a grievance procedure, she would have had additional options. 5 U.S.C. 7103, 7111, 7121, 7701-7702; 42 U.S.C. 2000e-16(a) to (c). See Viniertos v. United States, 939 F. ___ _________ _____________ 2d 762, 767-768 (9th Cir. 1991) (describing options open to federal employees under Labor-Management Relations Act). It is not clear to us by which method plaintiff's case began in the DLA, but no issue has been raised concerning it. -6- to court, the case would have been on all fours with the facts in Irwin. _____ We see no principled reason for failing to extend Irwin's rebuttable presumption to the instant filing _______ deadline. The only arguments to the contrary below were similar to those rejected in Irwin, and the government has _____ not renewed them here. Allowing equitable tolling of one but not the other of these interrelated administrative steps could encourage untoward forum shopping, especially in light of the short time periods involved. Cf. Johnson v. Burnley, __ _______ _______ 887 F.2d 471, 477 (4th Cir. 1989), reh'g granted en banc, ______________________ 1990 U.S. LEXIS 350 (in pre-Irwin decision involving same _____ statutes, "it makes no sense to provide the possibility of equitable tolling of the 30 day deadline for one plaintiff but not the other merely because of the different procedural routes taken ... prior to their arrival in federal district court.") Accordingly, we join those courts which have held, under the authority of Irwin, that the limitations period in _____ 5 U.S.C. 7703(b)(2) may be subject to equitable tolling in an appropriate case. See Williams-Scaife v. Department of ___ _______________ _____________ Defense Dependent Schools, 925 F.2d 346 (9th Cir. 1991) ___________________________ (holding that Irwin effectively overruled all prior Ninth _____ Circuit cases which had denied equitable tolling under statutes and regulations relating to federal employee -7- discrimination suits, including one which had denied tolling under 5 U.S.C. 7703(b)(2), Lofton v. Heckler, 781 F.2d ______ _______ 1390, 1392 (9th Cir. 1986)); Ware v. Frank, 1992 U.S. Dist. ____ _____ LEXIS 1398 (E.D. Pa.) (5 U.S.C. 7703(b)(2) is subject to equitable tolling under Irwin), aff'd without op., 975 F.2d _____ _________________ 1552 (3d Cir. 1992); Doberstein v. St. Paul Dist. of IRS, __________ _______________________ 1992 U.S. Dist LEXIS 2391 (D. Minn.) (5 U.S.C. 7703(b)(2) subject to equitable tolling under Irwin). We are aware of _____ only one decision since Irwin which argues to the contrary. _____ Dean v. Veteran's Admin. Regional Office, 943 F.2d 667, 669- ____ ________________________________ 70 (6th Cir. 1991), vacated on other grounds, 112 S. Ct. 1255 ________________________ (1992). However, in Dean the instant issue was not a ____ dispositive one, and the court there faced a prior panel's, pre-Irwin, decision. "If we were writing on a clean slate, _____ we might well be persuaded [otherwise]." Dean, 943 F.2d at ____ 670. While we are mindful, too, of the well-reasoned pre- Irwin opinion of King v. Dole, 782 F.2d 274 (D.C. Cir.), _____ ____ ____ cert. denied, 479 U.S. 856 (1986), relied on by the _____________ magistrate, we think that Irwin requires a different _____ result.5 ____________________ 5. King's conclusion that 5 U.S.C. 7703(b)(2) was ______ "jurisdictional" and thus not subject to equitable tolling was based on earlier cases holding other time provisions in the CSRA "jurisdictional," and interpretations of the instant statutory language similar to the those rejected in Irwin. _____ We do not have before us any other section of the CSRA and must, in any event, follow Irwin's adoption of a "more _____ general rule," presuming that once Congress has waived sovereign immunity, there is "little, if any, broadening" of -8- II. While Irwin increased the number of statutes to _____ which equitable tolling may be applied, it cautioned that federal courts have "typically extended equitable relief only sparingly." Irwin, 111 S. Ct. at 457. Relief from _____ limitations periods through equitable tolling thus remains subject to careful case-by-case scrutiny. Plaintiff's argument for equitable tolling below was based on the debilitating effects of her alleged insanity during the filing period. We have declined to adopt an "absolute rule of tolling on insanity grounds." Lopez v. ________ _____ Citibank, N.A., 808 F.2d 905, 906 (1st Cir. 1987). Moreover, ______________ since the plaintiff in Lopez had been actively represented by _____ counsel in administrative proceedings during his alleged period of illness, we held: It ... seems unlikely [plaintiff's] illness deprived his counsel of the knowledge or consent needed to file a court complaint .... In such circumstances, we believe a federal court should assume that the mental illness was not of a sort that makes it equitable to toll the statute -- at least absent a strong reason for believing the contrary. ____________________ the waiver by subjecting the statute to equitable tolling. Irwin, 111 U.S. at 457. We note, too, that the King court _____ ____ did not face the precise statutory incongruity we face here, since it had earlier determined the time limit in 42 U.S.C. 2000e-16(c), too, was "jurisdictional." King, 782 F.2d at ____ 274 n.3. The latter decision has now been overruled by Irwin. _____ -9- Lopez, 808 F.2d at 907. Lopez, however, did not adopt an _____ _____ absolute rule against tolling every limitations period on _______ insanity grounds in all circumstances. The cases cited by the district court which suggest such a bar involved different statutes and substantive concerns, with typically longer limitations periods. In holding that mental illness provides an available ground for equitable tolling here, we note that we are dealing with a broad remedial statute, the Rehabilitation Act of 1973. Cf. Bassett v. Sterling Drug, Inc., 578 F. ___ _______ ___________________ Supp. 1244, 1246-47 (S.D. Ohio 1984) (mental incompetence is more appropriate basis for equitable tolling under ADEA than under Federal Tort Claims Act).6 Moreover, we deal with a case in which mental illness or instability is "the very disability that forms ... the basis for which the claimant seeks [relief]." Canales v. Sullivan, 936 F.2d 755, 758 (2d _______ ________ Cir. 1991) (quoting Elchediak v. Heckler, 750 F.2d 892, 894 _________ _______ (11th Cir. 1985)) (SSDI benefit proceeding). Under these circumstances, we think an absolute rule barring equitable tolling for a plaintiff's insanity might conflict with the ____________________ 6. The district court relied in part on caselaw language directed at limitations periods in a variety of other areas including the Federal Torts Claim Act and the Securities Exchange Act of 1934, where plaintiffs urged that mental disabilities prevented them from discovering a tort or fraud for more than several years. Different substantive concerns and the purposes of the limitations provisions in such cases may dictate a different result. Our holding is confined only to the statute and claim before us. -10- substantive purposes of the Act. Finally, we deal with a very short filing period, thirty days. In closely analogous contexts, similarly short filing periods under the EEOA have been recognized as amenable to tolling on insanity grounds, albeit only if the federal employee's proof passes very rigorous tests. These cases, like Lopez, eschew reliance solely on a diagnosis. _____ Rather, they analogize to state standards for determining incompetence, inquiring whether the particular plaintiff's illness rendered him "unable to protect his legal rights because of an overall inability to function in society," Decrosta v. Runyon, 1993 U.S. Dist. LEXIS 5006 (N.D.N.Y.); or ________ ______ whether plaintiff is unable to manage his business affairs, or to comprehend his legal rights and liabilities, Miller v. ______ Gould, 1992 U.S. Dist. LEXIS 7299 (N.D. Ill.); Kien v. United _____ ____ ______ States, 749 F. Supp. 286 (D.D.C. 1990); Speiser v. U.S. Dep't ______ _______ __________ of HHS, 670 F. Supp. 380, 384 (D.D.C. 1986), aff'd, 818 F.2d ______ _____ 95 (D.C. Cir. 1987). Equitable relief is denied if the plaintiff was able to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel. Compare Decrosta, 1993 U.S. Dist. _______ ________ LEXIS at 5006 (in handicap discrimination suit, after preliminary evidentiary hearing, plaintiff denied equitable relief from time limits in regulation because his "major depressive" disorder was not shown to have impeded his -11- ability for rational thought and action), with Miller, 1992 ____ ______ U.S. Dist. LEXIS at 7299 (evidence in handicap discrimination suit sufficient to withstand summary judgment on limitations grounds where plaintiff raised genuine issue as to whether his manic-depressive illness rendered him incapable of conducting his affairs or understanding his status); see also ________ Kien, 749 F. Supp. at 286 (in handicap discrimination suit, ____ tolling denied where borderline personality disorder did not render plaintiff incapable of handling his own affairs); Speiser (in mental handicap discrimination suit, diagnosis of _______ Atypical Depression leading to hospitalizations not sufficient for equitable tolling where plaintiff was aware of facts and able to communicate with counsel).7 Applying these rigorous standards, we undertake a plenary review of the facts, as required on review of a summary judgment, "in the light most flattering to the ____________________ 7. The government also argued that because mental disability is not mentioned as a possible reason for tolling in Irwin, _____ it cannot be used as a tolling factor. A fair reading of Irwin, however, shows that the Court did not undertake an _____ exhaustive list of factors that may be considered in the equitable weighing process. In addition to the recent cases mentioned in the text, in other contexts courts have considered the merits of equitable tolling claims on insanity grounds since Irwin. See, e.g., Char v. Matson Terminals _____ __________ ____ ________________ Inc., 1992 U.S. Dist. LEXIS 21077 (D. Hawaii) (after Irwin, ____ _____ "mental incompetency may equitably toll the statute of limitations, but only in appropriate cases"). We also reject, as neither intended by Irwin nor dictated by caselaw _____ trends, the government's alternative suggestion that we apply a rule denying equitable tolling on insanity grounds unless plaintiff proves one or more predetermined plus factors. -12- [plaintiff] indulging all reasonable inferences in [her] favor." Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990) ______ _____ (citation omitted).8 While not free from doubt, we find that plaintiff's evidence raises a genuine issue of fact as to whether her mental condition may have so disordered her ability to reason and function in society, as to amount to "strong reason why, despite the [earlier] assistance of counsel, [s]he was unable to bring suit." Lopez, 808 F.2d at _____ 907. The relevant time period here begins in May, 1988 when plaintiff's petition for review by the full MSPB was dismissed, through March, and then November, 1989, when plaintiff appeared, pro se, seeking review before the EEOC ___ __ and the district court. Diagnoses prior to that time were only of adjustment and personality disorders. In May, 1987, however, shortly after she was fired from the DLA, plaintiff reportedly suffered a "schizophrenic reaction." By then her case was pending before the MSPB. Although she was represented by an attorney there, she inexplicably failed to appear for a scheduled hearing and missed two filing deadlines. Her then attorney attempted to excuse these defaults as caused in part by plaintiff's medical difficulties. ____________________ 8. Pro se filings are held to a less stringent procedural ___ __ standard than others. See, e.g., Estelle v. Gamble, 429 U.S. _________ _______ ______ 97, 106 (1976). -13- In July, 1989, plaintiff was taken to see a psychiatrist by a mental health social worker who specializes in the homeless.9 Describing plaintiff as "nearly a street person," the psychiatrist diagnosed her as probable paranoid schizophrenic.10 Plaintiff's thought pattern was "discursive, at times illogical, circumlocutional and highly evasive." She was suffering from auditory hallucinations, "severely impaired by her illness and ... so paranoid that she's not getting help." In addition to his own observations, the psychiatrist relied on and reported those of the social worker, who had monitored plaintiff for the previous eight months, and written accounts from plaintiff's siblings of plaintiff's hostile, delusional, evasive and indecisive behavior. The psychiatrist concluded that plaintiff's condition was of "at least" a year's duration. A non-examining psychologist who reviewed plaintiff's medical records reported that they all "fit[] a woman with a long standing schizophrenic disorder possibly of the paranoid type whose life has progressively fallen away from her due to the ____________________ 9. Plaintiff lost her right to an immediate pension by virtue of her termination for "cause" by the DLA. She was apparently evicted from her apartment in what was described as a "hostile" scene and is unable to find employment. 10. Paranoid schizophrenia is broadly defined as a psychotic disorder causing hallucinations and other major disturbances in thought, mood, perception, orientation, memory, and behavior, and characterized by one or more systematized delusions of persecution or danger. Sloane-Dorland Annotated Medical-Legal Dictionary, supp. at 467-68 (1992). -14- depredations of [her] illness." He described the condition as "crippling and exceedingly disorienting" and causing "massive disorganization." If plaintiff was represented by counsel at all during this time (which we cannot tell from the record) she was apparently not aware of it. The social worker reported that she kept "insisting that [the social worker] help her petition this work release through the court system when it has already been done and is a finished case." In her brief on appeal here plaintiff alleges for the first time that in fact she was not represented by counsel after the termination of the MSPB action. While not all the evidence points in the same direction,11 we think it sufficient, if proved, to raise a genuine issue of fact as to whether plaintiff's mental condition rendered her incapable of rationally cooperating with any counsel, and/or pursuing her claim on her own during the limitations period. ____________________ 11. We note that despite his other conclusions, the examining psychiatrist found that plaintiff was competent to handle her own money. Such a finding might, in other circumstances, give us pause. However, given the evidence of plaintiff's extremely limited financial means, the likely unavailability of any guardian able or willing to serve (plaintiff is unmarried and receives "general relief"), and current cutbacks in delivery of state social services, we do not find it conclusive. Cf. Bassett, 578 F. Supp. at 1248 ___ _______ (in suit under ADEA, mental incompetence will toll EEOC filing period only for that period when claimant was adjudicated incompetent or institutionalized under a diagnosis of mental incompetence). -15- We express no view as to the likely outcome of this issue on the merits. We note that plaintiff has requested a preliminary evidentiary hearing on the issue. The decision to hold such a hearing as a means of "prevenient testing" of the evidence, where as here there is no objection to it, is entirely within the trial court's discretion. Rivera-Gomez ____________ v. De Castro, 900 F.2d 1 (1st Cir. 1990). We note, too, that _________ other motions remain pending in this case. We express no view as to the outcome of any remaining issue. For the reasons stated, the summary judgment against plaintiff is vacated and the case remanded for _______ further proceedings. -16-