**Carolyn A. JAMES, Plaintiff,**

v.

**UNITED STATES of America, United States Department of Navy, John H. Dalton, in his capacity as Secretary of the Navy, and Jack Wildey, Defendants.**

No. IP 94–1264–C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 12, 1995.

Gloria K. O'Shell, Indianapolis, IN, for plaintiff.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, IN, for defendants.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on Defendants' motion to dismiss. For the reasons stated below, Defendants' motion to dismiss is granted.

## I. Background

On April 1, 1985, Plaintiff, Carolyn A. James ("James"), began work as an Illustrator at the Defense Printing Service ("DPS") Detachment Branch Office at Fort Benjamin Harrison, Indiana. In October, 1990, the Department of the Navy ("Navy") was advised of James' diagnosis with asthma, chronic sinusitis, perennial and seasonal allergic rhinitis, and recurrent upper respiratory infections. In light of these medical problems, James requested accommodations in her workplace. James also sought a transfer to the DPS facility at the Naval Air Warfare Center in Indianapolis.

On November 23, 1992, James requested 240 hours of advanced sick leave, based upon a recommendation from her allergist. This request was denied on November 24, 1992, and James was ordered suspended because it was feared her work environment might cause damage to her health. James appealed this suspension to the Merit Systems Protection Board ("MSPB"), arguing that it amounted to the Navy discriminatorily refusing to reasonably accommodate a handicapped individual and reprisal for engaging in protected activities. On February 18, 1993, the MSPB reversed James' suspension and ordered she be returned with backpay to

her position retroactive to November 12, 1992.[1]

James claims that almost immediately after returning to work in February, 1993, she began to have breathing difficulties again. On April 8, 1993, James filed a petition with the MSPB alleging that the Navy had failed to comply with the MSPB's February 18, 1993, order. An evidentiary hearing was held on this complaint on June 10, 1993. Following the hearing, on June 29, 1993, the Administrative Law Judge ("ALJ") found against James and in favor of the Navy. The full MSPB then, on October 5, 1993, denied James' petition to review the ALJ's determination.

On November 8, 1993, James filed a petition for review with the Equal Employment Opportunity Commission ("EEOC"). On May 26, 1994, the EEOC issued its opinion concurring with the final decision of the MSPB and holding that there was insufficient evidence that James was an individual with a disability as defined by the regulations. The May 26, 1994, decision also included a "Statement of Petitioner's Rights" which explained that the plaintiff had a time frame of thirty calendar days from receipt in which to file a civil action (if she so chose) in federal court.

On May 31, 1994, James received a copy of the EEOC decision, including the Statement of Petitioner's Rights. On June 30, 1994, James filed a request for the EEOC to reopen her case and reconsider its May 26, 1994, decision. On July 21, 1994, the EEOC rejected James' motion to reconsider. James received notice of this rejection on July 25, 1994. On August 29, 1994, James filed the instant action.

## II. Discussion

James, by counsel, filed a twenty-nine page Complaint with numerous exhibits. The gist of James' claims is that she was treated unfairly in the terms of her employment and in the manner in which her complaints were handled before the MSPB and on appeal. James alleges that this mistreatment gives rise to causes of action under § 501 of the Rehabilitation Act (29 U.S.C. § 791), Title VII (42 U.S.C. §§ 2000e *et seq.*), the Civil Service Reform Act of 1978 ("CSRA") (5 U.S.C. § 2301 *et seq.*), and the First and Fifth Amendments to the Constitution.[2]

According to federal regulations, a federal employee who feels he or she has been the victim of a prohibited discriminatory practice may file an administrative complaint with the employing agency and request a hearing after the complaint has been investigated. The employee may, alternatively, elect to forego the administrative complaint route. Those who forego the administrative complaint route may participate in a negotiated grievance procedure, where applicable, or file an appeal with the MSPB. *See* 5 U.S.C. §§ 7701, 7702, 7121; 29 C.F.R. §§ 1614.105(b), 1614.301–302.[3]

In the instant case, James opted to go the MSPB route. It is a so-called "mixed case," i.e., one involving nondiscriminatory claims arising under the CSRA and claims of discrimination "on the basis of race, color, religion, sex, national origin, handicap, age and/or reprisal." 29 C.F.R. § 1613.402(b); *see Blaney v. U.S.*, 34 F.3d 509, 511 (7th Cir.1994). Federal law clearly prescribes the manner in which to appeal an agency "mixed case" employment decision. Title 5, United States Code § 7703, entitled "Judicial review of decisions by the [MSPB]" provides, "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1). Section 7703 goes on to set the limitations period for such an appeal:

Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil

---

1. The MSPB decision was based upon its finding that prior to placing James on an enforced leave status, James should have been given an opportunity to contest the Navy's determination.

2. James' Complaint and briefs refer to her CSRA claims as being brought pursuant to the Prohibited Personnel Practices Act of 1978 (5 U.S.C. §§ 2301–02).

3. The employee, however, must choose between bringing an administrative complaint and an MSPB appeal—she cannot do both. 29 C.F.R. § 1613.403.

Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. *Notwithstanding any other provision of law,* any such [mixed] case filed under any such section *must be filed within 30 days* after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. § 7703(b)(2) (emphasis added). Therefore, to appeal an MSPB decision to a federal district court, *notwithstanding any other provision of law,* the Complaint must be filed within thirty days after the plaintiff received notice of the judicially reviewable action. *Id.; see also* 29 C.F.R. § 1613.421.

■ Defendants argue that the instant case should be dismissed because James filed it more than thirty days after she received notice of the final MSPB decision. It is clear that James did not satisfy the thirty day deadline.[4] However, James argues that this action should be governed by a ninety day deadline, which she did meet. Prior to 1991, the provision of Title VII concerning claims of discrimination by federal employees contained its own thirty day filing deadline:

> Within thirty days of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, sex, religion, age, or national origin, brought pursuant to subsection (a) of this section . . . , an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency,

or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e–16(c) (1981). However, in accordance with the Civil Rights Act of 1991, § 2000e–16(c) was revised and now provides that district court actions must be filed within ninety days. James argues that the ninety day deadline in Title VII rather than the thirty day limitations period in the CSRA applies to her claims in the instant action.

To the extent that 5 U.S.C. § 7703(b)(1) directly addresses the limitations period for filing an appeal of an MSPB decision in federal district court, it is directly on point. It is also clear in its mandate that its directives are to be followed *"notwithstanding any other provision of law."* (emphasis added). Because the plain language of § 7703(b)(1) clearly establishes the limitations period, there is no need to move beyond it and examine legislative and statutory history. *See United States v. Oregon,* 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961); *Central States, Southeast & Southwest Areas Pension Fund v. Robinson Cartage Co.,* 55 F.3d 1318, 1322–23 (7th Cir., 1995); *see also Jenkins v. Heintz,* 25 F.3d 536, 539 (7th Cir.1994) (plain statutory language should not be disregarded, even to impose on the statute a more reasonable meaning), *aff'd,* — U.S. —, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

James' arguments, nonetheless, are entirely rooted in the legislative history of the Civil Rights Act of 1991.[5] Upon reviewing this legislative history, one court noted that "when Congress increased from 30 to 90 days the time allotted for judicial review under 42 U.S.C. § 2000e–16(c), it simply assumed that the new time limits would apply to all federal employees with Title VII claims against the federal government." *Nunnally v. MacCausland,* 996 F.2d 1, 3 n. 3 (1st Cir.1993) (per curiam) (citing 1991 U.S.C.C.A.N. 549, 623). However, in the years since the Civil

---

**4.** There is some dispute as to what starts the clock running—the May 31, 1994, notice of the final decision or the July 25, 1994, notice that the EEOC had rejected James' motion to reconsider. We need not address this issue because either way James' August 29, 1994, filing of the instant action was more than thirty days later.

**5.** James' arguments are limited to the ninety day limitation period. She is not making any claims of equitable tolling or waiver of the thirty day limitation period. *See* Supplementation to Plaintiff's Memorandum of Law Responding to Defendant's Supplemented Motion to Dismiss at 10–11.

Rights Act of 1991 was enacted Congress has not seen fit to amend § 7703(b)(2). Additionally, regulations have continued to be promulgated which reiterate the thirty day limitation period. *See, e.g.,* 29 C.F.R. 1614.310 (enacted in 1992).[6] For these reasons, this Court holds that the clear meaning of 5 U.S.C. § 7703(b)(2) should continue to be followed (unless and until Congress sees fit to direct otherwise). *See Blaney,* 34 F.3d at 512 (thirty day limitation period in § 7703(b)(2) would apply to federal district court review of MSPB decision).

■ To the extent James' Complaint is more than an attempt at a *de novo* review of the MSPB determination, it is similarly unsuccessful. James' Complaint, in essence is about discrimination. She claims discrimination not only upon the basis of handicap (as was the subject of her MSPB case), but also on the basis of sex. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her administrative complaint against the agency. *See Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994) (citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)). This condition precedent with which all Title VII plaintiffs must comply is not so stringent as to require the initial charge to contain "each and every fact that combines to form the basis of each claim [in the lawsuit.]" *Id.* (citations omitted). However, in order to be cognizable, Title VII claims set forth in a district court complaint must be: (1) reasonably related to the allegations of the administrative complaint, and (2) growing out of the allegations of the administrative complaint. *Id.* Claims of sex discrimination are not reasonably related to claims of handicap discrimination. The agency complaint and district court complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals." Id.* (emphasis in original). Since this standard is not satisfied, James' sex discrimination claims must fail.

■ James also attempts to recover for alleged violations of her First and Fifth Amendment rights. However, the Court is precluded from addressing or allowing recovery on these allegations.

> [C]ourts may not provide constitutional remedies to supplement a congressionally-established administrative system even where that system's remedies are not as complete as the constitutional remedy might be.

*Robbins v. Bentsen,* 41 F.3d 1195, 1201 (7th Cir.1994). The CSRA includes mechanisms by which James could administratively address these alleged violations. Under the CSRA, the Office of Special Counsel:

> shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken.

5 U.S.C. § 1214(a)(1)(A). Included in the list of prohibited personnel practices is any action in violation of the Merit System Principles for federal employees. 5 U.S.C. § 2302(b)(11). The Merit System Principles specifically require that "[a]ll employees ... should receive fair and equitable treatment in all aspects of personnel management ... with proper regard for their ... constitutional rights." 5 U.S.C. § 2301(b)(2). When faced with a federal employee's constitutional claims virtually identical to those being made by James, the Seventh Circuit held that this congressionally-established remedial system for enforcement of the Merit Systems Principles precludes the creation of an alternative remedy under the Constitution. *Robbins,* 41 F.3d at 1202–03. Therefore, James' First and Fifth Amendment claims must be dismissed.[7]

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss is granted. The Court

---

**6.** Even having recognized the statutory history, *Nunnally* appears to have adhered to the thirty day limit. 996 F.2d at 2.

**7.** Because they are being dismissed on this basis, it is not necessary to detail this Court's skepti-

cism that James has even stated violations of the First or Fifth Amendments, let alone ones cognizable under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Robbins,* 41 F.3d at 1200.

finding no oral argument necessary, James' motion for oral argument is denied.