[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1235

VANESSA PELLOT,

Plaintiff, Appellant,

v.

TRIPLE S., INC., ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Boudin and Stahl, Circuit Judges. 



Jose R. Franco on brief for appellant. 
Pedro J. Manzano-Yates and Fiddler Gonzalez & Rodriguez on brief 
for appellees Triple S., Inc. and Juan Velazquez.
Rafael Baella-Silva and Baella & Barcelo on brief for appellee 
Victor Correa.



SEPTEMBER 9, 1997


Per Curiam. We have reviewed the record in this case 

and the briefs submitted by the parties. We affirm the

decision of the district court, essentially for the reasons

stated in its opinion dated January 30, 1997. We add only

the following.

Plaintiff argues the time limitation for filing an EEOC

charge should have been tolled because she suffered mental or

emotional disability. Even if all the facts in plaintiff's

complaint are true, she has failed to allege the kind of

facts which would allow a court to toll the time limitations

imposed by Title VII. She does not allege she was unable to

engage in rational thought and deliberate decision making.

Cf. Nunnally v. MacCausland, 996 F.2d 1, 5 (1st Cir. 1993). 

Though she alleges she was distressed by appellee Correa's

alleged harassment and her brother's legal troubles, she does

not allege she was unable to function in society or

comprehend her legal rights and liabilities. Id. The 

threshold set by Nunnally is much higher, since "federal 

courts have 'typically extended equitable relief only

sparingly.'" Id. at 4 (quoting Irwin v. Veteran's Admin. 

Reg'l Office, 498 U.S. 89, 96 (1990)). 

Furthermore, even if appellant's alleged mental or

emotional disability prevented her, for a time, from pursuing

administrative remedies, she wholly failed to pursue those

remedies after the alleged disability was lifted. While

-2-

Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982) 

held the time limitations under Title VII are subject to

equitable tolling, that rule is not a basis for "skipping

entirely over the 'initial charge.'" Kizas v. Webster, 707 

F.2d 524, 546 (D.C.Cir. 1983).

The district court was correct to dismiss plaintiff's

claim for failure to pursue administrative remedies.

The judgment of the district court is AFFIRMED. 

-3-