Citation Nr: 1008506 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-16 386A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. 
Petersburg, Florida

THE ISSUE

Entitlement to an effective date earlier than May 16, 2000, 
for the grant of service connection for post traumatic stress 
disorder (PTSD), to include consideration of whether the 
April 1990 rating decision was a product of clear and 
unmistakable error. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

Saira Sleemi, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1966 to August 
1969 and from August 1973 to January 1985.

This matter comes to the Board of Veterans' Appeals (Board) 
on appeal from a January 2005 rating decision of the St. 
Petersburg, Florida Department of Veterans' Affairs (VA) 
Regional Office (RO).

The Veteran testified at a Travel Board hearing before the 
undersigned Veterans' Law Judge in November 2009. A 
transcript of that hearing has been associated with the 
claims file.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.

REMAND

The Board finds that there is a further VA duty to assist the 
Veteran in developing evidence pertinent to his claim for an 
effective date earlier than May 16, 2000 for the grant of 
service connection for post traumatic stress disorder (PTSD), 
to include consideration of whether the April 1990 rating 
decision was a product of clear and unmistakable error. 38 
U.S.C.A. § 5103A (West 2002 & Supp. 2009); 38 C.F.R. § 3.159 
(2009). 

In statements and testimony presented throughout the duration 
of the appeal, the Veteran has maintained that following the 
May 21, 1990 notice of April 1990 rating decision, wherein 
the Veteran's claim for service connection for PTSD was 
denied, he was not of the mental capacity to pursue an appeal 
within the prescribed statutory limits due to his psychiatric 
symptoms, which included a VA hospitalization for psychiatric 
treatment. 

During the November 2009 Travel Board hearing, he contended 
that he was entitled to an effective date prior to May 16, 
2000 for PTSD, as he was diagnosed with PTSD before that time 
and that the April 1990 rating decision was incorrect in 
denying his claim for service connection for PTSD, because he 
did have PTSD at this time. The Veteran argued that there 
was information in his VA medical records from the VA medical 
center (VAMC) in Murfreesboro, Tennessee, including treatment 
records from a specific treatment provider, L.T., which 
demonstrates his mental incapacity during the one year period 
following the May 21, 1990 notice of the April 1990 rating 
decision. He submitted VA outpatient treatment reports from 
March 1990 and July 1998, which reflect that he was treated 
for and diagnosed with adjustment disorder, depression and 
"rule out PTSD." The Veteran testified that in the one 
year period following the May 21, 1990 notice of the April 
1990 rating decision, his symptoms included suicidal ideation 
and he remembered sitting on the floor by his bed due to 
psychiatric symptoms. He referred to a March 1990 VA medical 
record which noted that "if [the Veteran] got in touch with 
his pain he would kill himself."

In February 1993, the RO requested treatment reports from the 
VAMC in Murfreesboro, Tennessee from May 1990 to the last 
treatment report from 1990. The RO also requested treatment 
reports from the VAMC in Nashville, Tennessee from June 1990 
to April 1991. The treatment reports received were 
associated with the record. 

VA outpatient treatment reports from June 1989 to October 
1990 reflect that the Veteran was initially reported 
psychiatric symptoms in February 1990, at which time he 
requested a PTSD evaluation. He was subsequently treated for 
and diagnosed with depression, adjustment disorder, 
personality disorder, rule out schizophrenic disorder, 
schizophrenic personality disorder and rule out PTSD. These 
records also reflect that the Veteran was treated in group 
therapy from March 1990 to July 1990. His reported 
psychiatric symptoms included thinking he was crazy, suicidal 
thoughts, flashbacks from Vietnam, avoidance of talking about 
Vietnam, social withdrawal, sadness, denial, displacement, a 
flat affect, a mildly anxious affect and suspiciousness. In 
a February 1990 VA outpatient treatment report, the Veteran 
was unable to report his symptoms, explaining that people did 
not understand him and that he had consistently different 
views about Vietnam. 

In a March 1990 VA outpatient treatment report, the examiner 
found that the Veteran appeared to have a long standing 
adjustment disorder as evidence by his failure to be promoted 
in the military, getting out of service after fifteen years 
because of this, his failure in a business venture in 1985, 
the break-up of his marriage of 16 years and the loss of 
another job in 1989, although the precipitating factor in his 
seeking treatment was the inability to find employment though 
he was actively seeking it. 

Private and VA medical records from July 1998 to January 2003 
reflect that, in a December 1998 VA examination, the Veteran 
reported being diagnosed with PTSD in 1989. In a March 1999 
service treatment report from the Veteran's Army National 
Guard service, he reported a history of being diagnosed with 
PTSD at the VA and being hospitalized at the VA for PTSD. An 
April 1999 VA outpatient treatment report reflects the 
Veteran reported being diagnosed with PTSD in 1991.

Records from the Social Security Administration (SSA) reflect 
that the Veteran was awarded disability benefits in July 2001 
for anxiety related disorders and affective/mood disorders 
which were determined to have begun on January 1, 2001. 

Based upon the Veteran's statements and testimony as well as 
the evidence discussed above, the Board finds that the 
doctrine of equitable tolling is raised by the record. The 
Federal Circuit Court has noted that, in order to obtain the 
benefit of equitable tolling, a veteran must show that the 
failure to file was the direct result of a mental illness 
that rendered him or her incapable of "rational thought or 
deliberate decision making," or "incapable of handling [his] 
own affairs or unable to function [in] society." Barrett v. 
Principi, 363 F.3d 1316 (Fed. Cir. 2004), citing Melendez-
Arroyo v. Cutler-Hammer de P.R., Co., 273 F.3d 30, 39 (1st 
Cir. 2001) and Smith-Haynie v. Dist. Of Columbia, 155 F.3d 
575, 579 (D.C. Cir. 1998). 

However, as determined in Barrett, a medical diagnosis alone 
or vague assertions of mental problems is not sufficient to 
warrant equitable tolling. Barrett, 363 F.3d at 1321. As 
the evidence of record reflects that, during the period in 
which the Veteran was to file a timely appeal of the April 
1990 decision, he was diagnosed with mental disorders and 
received continual treatment for psychiatric symptomatology 
in 1990, the Board finds that additional development in this 
case is required. Specifically, an opinion by a VA 
psychiatrist is necessary to determine whether or not the 
Veteran had a mental illness that rendered him incapable of 
rational thought or deliberate decision making, or incapable 
of handling his own affairs or unable to function in society. 

With respect to the Veteran's testimony that there is 
information in his VA outpatient treatment records from the 
VAMC in Murfreesboro, Tennessee, including treatment records 
from, L.T., demonstrating his mental incapacity during the 
period in which he was supposed to file a notice of 
disagreement to pursue an appeal of the April 1990 rating 
decision, the Board finds that VA outpatient treatment 
reports from the VAMC in Murfreesboro, Tennessee should be 
obtained from the years 1990 and 1991, specifically from May 
21, 1990 (the date of notice of the April 1990 rating 
decision) to May 21, 1991. 38 U.S.C.A. § 5103A(c) (West 
2002); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA 
treatment records are in constructive possession of the 
agency, and must be obtained if the material could be 
determinative of the claim).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims 
file any pertinent medical records 
adequately identified by the Veteran from 
1990 and 1991, to include all VA medical 
records from the Murfreesboro, Tennessee 
VAMC from May 21, 1990 to May 21, 1991. 
The RO should document whether or not 
these documents were available. 

2. After all the above-requested medical 
records have been associated with the 
claims file, the RO/AMC should schedule a 
VA psychiatric review of the claims file, 
to include a copy of this remand, by an 
appropriate specialist. The VA examiner 
is asked to provide an opinion to the 
following:

a.) Is it at least as likely as not that 
the Veteran's mental illness rendered him 
incapable of rational thought or 
deliberate decision making, during the 
period from May 21, 1990 to May 21, 1991? 

b.) Is it at least as likely as not that 
the Veteran's mental illness rendered him 
incapable of handling his own affairs or 
unable to function in society during the 
period from May 21, 1990 to May 21, 1991? 

Note to VA examiner: A medical diagnosis 
alone or vague assertions of mental 
problems is not sufficient to warrant a 
finding of mental incapacity. 

The examiner must provide a medical basis 
for the opinion based on review of the 
facts and medical evidence.

3. After the development requested above 
has been completed to the extent possible, 
the record should again be reviewed. If 
the benefits sought on appeal remain 
denied, the appellant and representative, 
if any, should be furnished a supplemental 
statement of the case and given the 
opportunity to respond thereto. The case 
should then be returned to the Board for 
further appellate consideration.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).