**Emanuel JOHNSON, Jr., Appellant**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General (In His Official Capacity), et al., Appellees.**

**No. 08–5157.**

United States Court of Appeals, District of Columbia Circuit.

May 25, 2010.

Rehearing En Banc Denied July 16, 2010.

Emanuel Johnson, Jr., Woodbridge, VA, pro se.

Alan Burch, R. Craig Lawrence, Assistant U.S. Attorneys, U.S. Attorney's Office, Mary Larkin Wilson, Assistant Attorney General, Donna M. Murasky, Senior Assistant Attorney General, Office of the Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

Before: GINSBURG, HENDERSON, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The district court correctly held that appellant's 42 U.S.C. § 1981 claim against the D.C. Office of the Inspector General (OIG) defendants for discriminatory or retaliatory failure to hire is time barred because it began to run in 1998. *See John-son v. Holder*, 598 F.Supp.2d 50, 55–56 (D.D.C.2009). At that point, appellant knew or had reason to know facts that—if true, as he alleges—gave rise to his claim of discriminatory or retaliatory refusal to hire. *See United States v. Kubrick*, 444 U.S. 111, 125, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Commc'ns Vending Corp. of Ariz., Inc. v. F.C.C.*, 365 F.3d 1064, 1074 (D.C.Cir.2004) ("[A] cause of action accrues either when a readily discoverable injury occurs or, if an injury is not readily discoverable, when the plaintiff should have discovered it."); *cf. Merck & Co., Inc. v. Reynolds*, —— U.S. ——, 130 S.Ct. 1784, 1794, 176 L.Ed.2d 582 (2010) (explaining that the general discovery rule "allow[s] a claim to accrue when the litigant first knows or with due diligence should know facts that will form the basis for an action") (internal quotation marks omitted). Johnson likewise is not entitled to the equitable tolling of his claims because "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances" and Johnson has provided no reason sufficient to meet that "high" threshold. *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 579–80 (D.C.Cir. 1998) (internal quotation marks omitted); *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

We also hold that Johnson's allegations regarding the other D.C. defendants' actions in his related retaliation case, *Johnson v. Maddox*, 270 F.Supp.2d 38 (D.D.C. 2003), do not rise to the level of fraud upon the court. *See United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); *Cobell v. Norton*, 334 F.3d 1128, 1148 (D.C.Cir.2003). Moreover, in *Maddox*, in the course of dismissing Johnson's Rule 60(b) motion, the district court considered nearly all of the same claims that Johnson raises here. *See Johnson v. Maddox*, 2005 WL 2318075, at *2 (D.D.C.2005).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41(a)(1).