See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Linwood GRAY, Appellant

v.

Harry L. STALEY, et al., Appellees

No. 17-7007
Consolidated with 17-7098
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: November 15, 2017

Linwood Gray, Pro Se

Brent M. Ahalt, McNamee, Hosea, Jeringan, Kim, Greenan & Lynch, P.A., Greenbelt, MD, for Defendants-Appellees

BEFORE: Henderson, Kavanaugh, and Millett, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed December 15, 2016, and April 4, 2017 be affirmed. The district court properly dismissed the case on statute of limitations grounds. See Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998). The court correctly concluded that the claims accrued in 1985, when appellant's former residence was the subject of a foreclosure sale. At that time, appellant was on inquiry notice of his claims, as he knew or reasonably could have known of "(1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." See Goldman v. Bequai, 19 F.3d 666, 671-72 (D.C. Cir. 1994). Contrary to appellant's assertions, his causes of action did not accrue in 1994, when appellees allegedly used misappropriated funds to purchase restaurant franchises. See Cevenini v. Archbishop of Washington, 707 A.2d 768, 772 (D.C. 1998) ("[W]e have never held that accrual should be tolled until the plaintiff fully appreciates the 'impact' of the harm directed at him.").

The statute of limitations, which appellant does not dispute is three years, was tolled during appellant's first period of incarceration from 1979 until no later than December 1992, when appellant was released from prison. See D.C. Code §§ 12-301(8); 12-302(a)(3). However, the limitations period was not tolled again when appellant was arrested and re-incarcerated in June 1994. See District of Columbia v. Tinker, 691 A.2d 57, 64 (D.C. 1997). Therefore, appellant's claims are time-barred, because the three-year statute of limitations began to run no later than December 1992, and thus expired no later than December 1995, but appellant did not file his complaint until May 2011.

The district court did not abuse its discretion in denying appellant's motion for relief from judgment based on newly discovered evidence under Fed. R. Civ. P. 60(b)(2), as the public records upon which appellant relies could have been discovered previously through the exercise of dili-

gence, and would not affect the court's conclusion that appellant was on inquiry notice of his claim in 1985.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.